**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**CHARLES CROSS, JR.**                                                     **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO.: 4:24-cv-38-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                              **DEFENDANT**

## <u>ORDER</u>

This matter is before the court on Plaintiff's complaint seeking court review of a decision of the Commissioner of the Social Security Administration as follows: Plaintiff protectively filed an application in the present matter on or about August 4, 2021. The application was denied at the initial and reconsideration levels and Plaintiff filed a timely request for a hearing. The Administrative Law Judge (hereinafter "ALJ") issued an Unfavorable Decision in this cause on January 18, 2024. The Appeals Council issued an Order dated March 25, 2024, which affirmed the ALJ's Unfavorable Decision, thereby making it the decision of the Commissioner and the Social Security Administration.

**The Hearing and Subsequent Submissions**

At the hearing on December 12, 2023, the ALJ admitted into evidence Exhibits C-1A through C-17F, and he agreed to allow Plaintiff a week from the hearing to submit any additional evidence. Of relevance here, Plaintiff submitted within the following week what the ALJ marked and exhibited as C-18F, an apparent better copy of previously exhibited C-17F. These mirror exhibits reflect a December 11, 2023, medical opinion in the form of a checklist from Dr. James Pollard, who opined that Plaintiff needs to elevate his legs with prolonged sitting, must take unscheduled breaks during a normal workday, would be off task up to 25% of the workday, would

1

miss more than four days of work per month, would be limited to standing/walking only 2 hours in a workday, and cannot lift more than 10 pounds.

As discussed below, the ALJ included Dr. Pollard's opinion as an exhibit in the record and discussed it in his decision dated January 18, 2024. Plaintiff has not challenged the ALJ's finding that Dr. Pollard's opinion was unpersuasive. Instead, Plaintiff contends the ALJ should have, but did not, consider and include into the record a very similar opinion from Dr. Syed Rafique[1] that was faxed to the ALJ on January 8, 2024, almost a month after the hearing, and should have (but did not) accept this opinion as persuasive.

**The Decision**

In his decision rendered on January 18, 2024, the ALJ found Plaintiff had the following severe impairments: leukemia, heart failure, hypertension, depressive disorder with psychotic features, and an adjustment disorder with mixed disturbance of emotions and conduct. The ALJ further found that his impairment or combination of impairments did not meet or medically equal a Listing and that he had the RFC to perform medium work as defined in 20 C.F.R. § 416.967(c), except he could perform tasks that are simple in nature and that could be performed in a routine work setting, and he could frequently interact with others in the work setting. The ALJ also found that he had no past relevant work. With the assistance of VE testimony, the ALJ next determined at step five that Plaintiff could perform other work that exists in significant numbers in the national economy.

In so finding, the ALJ explained (and as noted, Plaintiff has not argued otherwise), that Dr Pollard's opinion, received by the ALJ within the agreed upon 5 days following the hearing, was

---

[1] Dr. Rafique opined that Plaintiff needs to elevate his legs with prolonged sitting, must take unscheduled breaks during a normal workday, would be off task up to 25% of the workday, would miss more than four days of work per month, would be limited to standing/walking about 2 hours in a workday, and can occasionally lift 20 pounds.

not persuasive because it was not supported by the doctor's treatment records or consistent with other evidence in the record. On the other hand, the ALJ made no mention in his decision, and did not exhibit in the record, Dr Rafique's nearly identical check box form opinion submitted January 8, 2024, almost a month after the hearing. Rather, the Appeals Council considered the Rafique record but determined that Plaintiff had not met his burden to show a reasonable probability the evidence would change the outcome of the ALJ decision as required under 20 C.F.R. § 404.970(a)(5) so to warrant its full review and exhibition.

**The Issues**:

Plaintiff raises as error on this appeal both the ALJ's failure to include in the record, or to discuss in his decision, the Rafique record and the AC's determination that the Rafique record did not demonstrate a reasonable probability that it would change the outcome of the ALJ's decision.

### A. The ALJ

In support of his argument concerning the ALJ's failure to consider the Dr Rafique opinion, Plaintiff relies on *Loza v. Apfel,* 219 F.3d 378, 380 (5th Cir. 2000). In *Loza,* the Fifth Circuit overturned the ALJ's unfavorable decision based, in part, on the fact that the ALJ had not considered all of the medical evidence in the record. 219 F.2d 378 (5th Cir. 2000). Plaintiff also relies upon Regulation §404.1520c(a), which states, "When a medical source provides one or more medical opinions or prior administrative findings, we will consider those medical opinions or prior administrative medical findings from that medical source together using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate."

And while Plaintiff does acknowledge that the Rafique opinion was not submitted to the ALJ until January 8, 2024, long after the hearing and the 5-day post hearing period agreed on for submission of additional records, Plaintiff relies exclusively on the argument that because the

Rafique opinion was in fact submitted prior to the published date of the ALJ's decision (January, 18, 2024), it was error of the ALJ not to consider it.

In contrast, the Commissioner points out that The Hearing, Appeals, and Litigation Law Manual (HALLEX) provides:

(a) When you submit your request for hearing, you should also submit information or evidence as required by § 416.912 or any summary of the evidence to the administrative law judge. Each party must make every effort to ensure that the administrative law judge receives all of the evidence and must inform us about or submit any written evidence, as required in § 416.912, no later than 5 business days before the date of the scheduled hearing. If you do not comply with this requirement, the administrative law judge may decline to consider or obtain the evidence unless the circumstances described in paragraph (b) of this section apply.

(b) If you have evidence required under § 416.912 but you have missed the deadline described in paragraph (a) of this section, the administrative law judge will accept the evidence if he or she has not yet issued a decision and you did not inform us about or submit the evidence before the deadline because:

(1) Our action misled you;

(2) You had a physical, mental, educational, or linguistic limitation(s) that prevented you from informing us about or submitting the evidence earlier; or

(3) Some other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from informing us about or submitting the evidence earlier. Examples include, but are not limited to:

(i) You were seriously ill, and your illness prevented you from contacting us in person, in writing, or through a friend, relative, or other person;

(ii) There was a death or serious illness in your immediate family;

(iii) Important records were destroyed or damaged by fire or other accidental cause; or

(iv) You actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing.

20 C.F.R. § 416.1435

In this case, I find Plaintiff provides no excusable basis for missing the deadline to provide evidence. Moreover, mistake or lack of diligence by Plaintiff or counsel for Plaintiff is not sufficient to qualify as an exception to the five-day rule of 20 C.F.R. § 416.1435(b). *Whitten v. Saul*, 2021 WL 3668440, at *4 (E.D. La. 2021), *report and recommendation adopted*, 2021 WL 2803102 (E.D. La. 2021). Obtaining and submitting medical records is considered to be within the control of the claimant, and "[e]ach party must make every effort to ensure that the administrative law judge receives all of the evidence ... no later than 5 business days before the date of the scheduled hearing." 20 C.F.R. § 416.1435(a).

### B. The Appeals Council

In support of his argument that the Appeals Council also erred in concluding that the ALJ's consideration of Rafique's record—to a reasonable probability—would not have changed the outcome of the ALJ's decision, the Plaintiff relies only on the assertion that "Dr. Rafique is the medical professional who has the most intimate understanding of Plaintiff's leukemia." Pl.'s Br. [10] at 7. Plaintiff also relies upon two decisions from this court, *Artis v. Commissioner*, 3:31-cv-13-DAS, 2022 WL 704205 (N.D. Miss. 2022), and *Hokan v. Commissioner,* 4:23-cv-3-RP, 2023 WL 5202263 (N.D. Miss. 2023).

However, I find that, as the Commissioner notes, Plaintiff's reliance on the *Artis* and *Hoken* cases is misplaced. In *Artis,* "the later submitted evidence were orthopedic treatment records, focused on his back problems and includes multiple physical examinations by two orthopedists and an MRI," as compared to the bare check-list form submitted in this case. 2022 WL 704205, at *5 (N.D. Miss. 2022). And similarly, in *Hoken,* the additional evidence consisted not only of an opinion from a treating physician, but a copy of the treatment notes of his first session with the plaintiff; a letter the physician received from another physician describing the other physician's

experience with the plaintiff over the years as his supervisor; a statement by the physician summarizing the mental health history he obtained from the plaintiff during his treatment sessions; and the physician's diagnostic impressions of major depression, recurrent, severe; attention deficit disorder; generalized anxiety disorder; and social anxiety. *Hokan v. Commissioner,* 2023 WL 5202263, at *4 (N.D. Miss. 2023).

In contrast, in the instant case, I find that other than claiming that Dr. Rafique's opinion should have been considered, Plaintiff fails to identify evidence in the record to support Dr. Rafique's check-list form opinion. As was explained by the Fifth Circuit in *Molina v. O'Malley*, 2024 WL 3556844, at *10-11 (S.D. Tex. 2024):

> While true that Dr. Garcia's statement is responsive to the presented questions, the statement consists solely of a check-box form. Dkt. No. 7-1, p. 53. This check-box form does not include any objective medical evidence in support of its conclusions. *Id.* This type of non-narrative form and clinically empty statement is generally viewed with disfavor among the federal courts of appeals and district courts within the Fifth Circuit. *Brown v. Astrue*, No. 11-2919, 2013 WL 620269 at 6* (E.D. La. Jan. 18, 2013). See *Foster v. Astrue*, 410 Fed. Appx. 831, 833 (5th Cir. 2011) (finding good cause to assign minimal value to a treating doctor's questionnaire opinion "due to its brevity and conclusory nature, lack of explanatory notes, or supporting objective tests and examination ...").

Furthermore, I note that a review of the treatment records of Dr Rafique that were part of the record show, seemingly without exception, that on each occasion where Dr Rafique examined Plaintiff, he found among copious other normal findings: Normal appearance; no acute distress; energy level good; Normal heart sounds; regular rate and rhythm; no peripheral edema; No chest pain, no palpitations, no syncope, no upper extremity edema, no lower extremity edema, no calf discomfort; Breathing comfortably; lungs clear to auscultation and percussion; Normal muscle strength; no muscle pain, no swollen Joints, no Joint redness, no bone pain, no spine tenderness and no focal motor or sensory deficit; cranial nerves intact; normal gait.

In short, not only is the January 8, 2024, Rafique submission a checklist form opinion without supportive objective findings, Rafique's actual treatment notes—that are in the record—are essentially normal, as referenced above.

Based on the foregoing, I find that because Plaintiff has not shown that the Appeals Council's finding regarding the absence of a reasonable probability was rendered in error, he cannot show that his additional evidence, which was neither before the ALJ nor exhibited by the Appeals Council, may be properly considered by this Court in its review of the ALJ's decision. *See* sentence three of 42 U.S.C. § 405(g) (restricting Federal court review to the certified administrative record containing "the evidence upon which the findings and decision complained of are based").

**Conclusion**

For the foregoing reasons, I conclude that the Commissioner's decision is supported by substantial evidence and is without prejudicial error, and it is, therefore, **AFFIRMED.**

**SO ORDERED**, this the 19th day of November, 2024.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**